```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                            LEXINGTON
```

AMBROSE C. DUDLEY,                  )
Administrator of the Estate         )
of Samuel Dudley, Deceased,         )
                                    )  Civil Action No. 5:05-217-JMH
      Plaintiff,                    )
v.                                  )
                                    )
NISOURCE CORPORATE SERVICES,        )  **MEMORANDUM OPINION AND ORDER**
COMPANY, et al.                     )
                                    )
      Defendants.                   )

                   **       **       **       **       **

This action is before the Court on cross-motions for summary judgment filed by Plaintiff Ambrose Dudley, as administrator of the estate of Samuel Dudley, [Record No. 22] and Defendant Cindy Vanhoose [Record No. 20]. Also pending is a motion filed by Plaintiff, who has been prosecuting this action in a representative capacity for his deceased son, to allow him and his wife to substitute themselves as Plaintiffs in their individual capacities [Record No. 30]. These matters are now ripe for review.

**FACTUAL BACKGROUND**

The basic facts underlying this action are straightforward and not in dispute. Samuel Dudley worked for a subsidiary of NiSource, Inc., and was a participant in a 401k plan offered through Defendant NiSource Corporate Services Company ("NiSource") and administered by Defendant Fidelity Investments Institutional Operations Company ("Fidelity"). While Samuel Dudley was married to Defendant Cindy Vanhoose, he named her as the beneficiary of the

401k plan.  Dudley and Vanhoose later divorced, but Dudley never changed the beneficiary designation.  Dudley later married a different woman, whom he also divorced, and who is not a party to this litigation.

### PROCEDURAL BACKGROUND

Plaintiff Ambrose Dudley, father of Samuel Dudley and administrator of his estate, brought this action seeking a "declaration and determination of the proper beneficiary of Samuel Dudley's 401k pension benefits." (Compl. at 2).  The complaint named NiSource, Fidelity, and Vanhoose as Defendants.  Vanhoose filed a counterclaim and cross-claim seeking a judgment that she is the beneficiary of Samuel Dudley's 401k plan.

Dudley's estate and Vanhoose have each filed motions for summary judgment, claiming that the undisputed facts show that they are entitled to summary judgment.  Both movants initially argued that this case is governed by the terms and effect of the divorce settlement between Samuel Dudley and Vanhoose, in which Vanhoose disclaimed any interest in Dudley's 401k plan, but Dudley specifically acknowledged that it was his responsibility to change the beneficiary designation.

The Court, by order, noted that neither party had addressed a particular provision of the 401k plan document that on its face appeared relevant, and directed the parties to address that provision in their remaining responses and replies.  That

provision, Section 7.5 of the plan, provides in part that "[a]ny Beneficiary designation previously made by a Participant shall be automatically revoked upon the marriage or remarriage of a Participant." Plan at § 7.5(b). The plan goes on to describe the default beneficiaries in the absence of a valid designation. *See id.* at § 7.5(c). All Defendants were given extensions of time in which to respond, in light of the Court's order.

Plaintiff subsequently moved to substitute Samuel Dudley's parents in their individual capacities as Plaintiffs, believing that under Section 7.5 of the 401k plan the parents are the proper beneficiaries. Vanhoose maintains that as named beneficiary she is entitled to the money, the remarriage provision notwithstanding. Fidelity and NiSource have responded to the pending motions by stating, in effect, that they take no position on the proper beneficiary, and that they are willing to pay the money to the proper beneficiary as determined by the Court.[1]

**DISCUSSION**

*I. The Standard of Review*

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to

---

[1] Fidelity and NiSource do request that the Court identify the beneficiary by name and state of residence, which the Court will do.

judgment as a matter of law." Fed. R. Civ. P. 56(c). "Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict, particularly where there has been an opportunity for discovery." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (internal citations omitted). In considering the motion, the Court must construe the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*II. Standing*

Before reaching the cross-motions for summary judgment, the Court must first consider Vanhoose's argument that Plaintiff lacks "standing," a term that Vanhoose uses in her reply to mean three distinct things. First, Vanhoose states that because Plaintiff did not raise Section 7.5 of the 401k plan in his complaint, Plaintiff cannot now rely on that provision. This argument misapprehends the purpose of a complaint under the Federal Rules of Civil Procedure; there is no requirement that a complaint identify every point upon which a claim might be based. The complaint sought a declaration of the identity of the proper beneficiary of the 401k plan; surely this was sufficient to put Vanhoose on notice that the terms of the 401k plan might be relevant.

Second, Vanhoose argues that because Plaintiff did not raise

4

Section 7.5 of the plan in his initial summary judgment motion, the Court should not consider it. Vanhoose cites no law in support of the proposition that the Court cannot consider the entire contract which has been placed before it. The contract has been available to all parties at least since it was filed in the record in May of 2005, and Vanhoose, both in moving for summary judgment and in responding to Plaintiff's motion, characterized this case as "a fairly simple contract action." Due to extensions of time requested by Vanhoose, Vanhoose had over a month from the time the Court directed the parties to address Section 7.5 of the plan to the time her final reply was due, and there is no prejudice to Vanhoose from the Court's consideration of that provision of the 401k plan.

Third, Vanhoose states, again without any support, that Plaintiff lacks standing because under Section 7.5, the estate would not be the beneficiary. This argument also lacks merit.[2] Congress has directed that "[a] civil action may be brought . . . by a participant or beneficiary [of an ERISA plan] . . . to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Courts have held that administrators of a participant's estate have derivative

---

[2] The Court also notes that if it were to adopt Vanhoose's position on this point and dismiss Plaintiff's complaint for lack of standing, the Court would also have to dismiss Vanhoose's counterclaim and cross-claim, since she is not the proper beneficiary either, for the reasons discussed below.

5

standing to sue as "participants," *see James v. La. Laborers Health & Welfare Fund*, 766 F. Supp. 530 (E.D. La. 1991), and that the term "beneficiary" encompasses "potential beneficiaries." *See Sladek v. Bell Sys. Mgmt. Pension Plan*, 880 F.2d 972 (7th Cir. 1989). Therefore, the estate had, and continue to have, standing to pursue an action to clarify the rights to future benefits as both a participant in and potential beneficiary of the plan, notwithstanding the fact that the estate may ultimately prove not to be the proper beneficiary. Moreover, the motion to substitute renders this concern moot, and to that the motion the Court now turns.

*II. The Motion to Substitute*

Plaintiff's motion to substitute Samuel Dudley's parents in their individual capacity is not very specific, but the Court takes it to be a motion under Rule 17. That rule directs that "[n]o action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest," and allows for "joinder, or substitution of the real party in interest." Fed. R. Civ. P. 17(a). It further provides that such a "substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." *Id.*

Dudley's parents believe now that they are the proper beneficiary rather than the estate, and for the reasons discussed below, the Court agrees. As the original Plaintiff consents to the

6

substitution, and as none of the Defendants have raised any arguments against the substitution or suggested that they are prejudiced in any way, the Court will grant the motion and proceed as though Ambrose and Betty Dudley, in their individual capacities, had been the Plaintiffs all along. The Court will thus treat the estate's summary judgment motion as if it had been filed by the parents.[3]  *Id.*

*III. The Motions for Summary Judgment*

As noted above, Section 7.5 of the plan provides, in part, that "[a]ny Beneficiary designation previously made by a Participant shall be automatically revoked upon the marriage or remarriage of a Participant." Plan at § 7.5(b). The Court has before it Vanhoose's deposition, Samuel Dudley's petition for divorce from his second wife, and the court order dissolving that second marriage, all of which confirm that Dudley in fact remarried after divorcing Vanhoose. There is no contrary evidence, and therefore there is no dispute that Dudley remarried and that the prior designation of Vanhoose as beneficiary was revoked.

The only substantive argument raised by Vanhoose is based on a conversation she had with Samuel Dudley after their divorce,

---

[3] The reply in support of the estate's motion for summary judgment argued as if the parents already had been substituted. Because of various extensions of time granted to Vanhoose, she has had four weeks since Plaintiff's final reply to file what amounts to a sur-reply to that motion, and therefore there is no prejudice in treating the summary judgment motion as if it had been filed by Dudley's parents.

during which he told her that he had never changed his beneficiary designation. Vanhoose argues that this shows Dudley's intent to maintain her as beneficiary, and that this conversation makes it "clear and convincing without any ambiguity that he never intended for any other beneficiary besides Cindy Vanhoose to be named." (Reply at 2). Therefore, she argues that she is entitled to judgment as a matter of law, or at the very least, that there is a genuine dispute of material fact about Dudley's intent that should prevent the Court from granting summary judgment against her. The Court cannot agree.

There are two primary problems with Vanhoose's argument. First, according to Vanhoose, the conversation took place probably in 2001, but Dudley did not remarry until July of 2003. Whatever probative value the statement had as to Dudley's intent when he said it, it says little about his intent after his remarriage. Second, and more importantly, while this Court may consider such extrinsic evidence when the terms of a contract are ambiguous, "in the absence of ambiguity a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.2d 99, 105 (Ky. 2003)(internal citations omitted). There is nothing ambiguous about a contract term that states that "[a]ny Beneficiary designation previously made by a Participant

8

shall be automatically revoked upon the marriage or remarriage of a Participant," and therefore, even if the Court believed that Vanhoose's evidence was somehow probative of Samuel Dudley's intent, the Court would not consider that extrinsic evidence in interpreting the terms of the 401k plan.

With the beneficiary designation revoked, the plan's provision for determining the default beneficiary controls.  Under the plan, in the absence of a valid designation, benefits go to the surviving spouse, then to descendants per stirpes, then to the father and mother in equal parts, then to brothers and sisters, and finally to the estate.  *See* Plan at §7.5(c).  As Samuel Dudley divorced his second wife, leaving him without a surviving spouse, and as, according to his parents' affidavit, he had no children, the 401k proceeds must go to Samuel Dudley's parents, Ambrose and Betty Dudley, in equal parts.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1) That Defendant Vanhoose's motion for summary judgment [Record No. 20] be, and the same hereby is, **DENIED.**

(2) That Plaintiff's motion to substitute [Record No. 30] be, and the same hereby is, **GRANTED.**

(3) That Ambrose Dudley and Betty Dudley in their individual capacities be, and the same hereby are, **SUBSTITUTED** as Plaintiffs in place of Ambrose Dudley, as administrator of the estate of

9

Samuel Dudley.

(4) That Plaintiffs' motion for summary judgment [Record No. 22] be, and the same hereby is, **GRANTED**.

(5) That Ambrose Dudley and Betty Dudley of Winchester, Kentucky, are hereby declared to be the proper beneficiaries of Samuel Dudley's 401k plan.

This the 18th day of April, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge